UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| SHIRLEY WILSON, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )  Case No. 8:24-CV-02641-MSS-CPT |
| MANAGEMENT HEALTH SOLUTIONS, INC. | ) ) ) ) |
| Defendant. | ) ) ) |

**DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT WITH PREJUDICE**

Defendant, MANAGEMENT HEALTH SOLUTIONS, INC., ("MHS" or "Defendant") moves this Court to dismiss Plaintiff's Amended Complaint [D.E. 11] with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) and states as follows in support thereof.

Plaintiff claims she suffered discrimination based on her age and disability in an alleged violation of three federal statutes: Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"); the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. ("ADEA"); and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA"). (D.E. 11, *Count I, Count II, and Count III*). Plaintiff further claims

that Defendant breached her employment contract by terminating her without cause. (D.E. **11,** *Count IV*).

Plaintiff's Amended Complaint must be dismissed with prejudice for the following reasons. First, Plaintiff failed to exhaust her administrative remedies prior to filing her claims under Counts I (Title VII), II (ADEA), and III (ADA). Specifically, Plaintiff's claims in Counts I-III are time barred because she did not file a timely discrimination charge. (*See* Exhibit A: *EEOC Dismissal and Notice of Rights*). Second, Plaintiff's Amended Complaint is an impermissible "shotgun" pleading, which does not meet the requisite federal pleading standards. Third, Plaintiff fails to sufficiently plead her four claims because she fails to provide the necessary factual support sufficient to sustain any of the four Counts.

Therefore, the Court should dismiss the Amended Complaint in its entirety, with prejudice.

## MEMORANDUM OF LAW

### I. Legal Standard

A court should dismiss a complaint where it fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Supreme Court has held that the "[f]actual allegations must be enough to raise a right to relief above the speculative level. . ." *Bell Atlantic Corporation*

*v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S., at *570).

"Plausible" means both the "allege[d] facts [] are *more than* merely possible[,]" and they are not "*merely consistent with* a defendant's liability." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (emphasis added). Moreover, a court need not accept as true "labels and conclusions or a 'formulaic recitation[s] of the elements of a cause of action." *Id*. Rather, under *Iqbal*'s two-step process the Court should: (1) eliminate any allegations that are merely legal conclusions, and (2) assume the truth of any remaining well-pled, factual allegations in determining the plausibility of the claim. *Iqbal*, 556 U.S. at *679-81.

**II.  Plaintiff's Claims Under Title VII, ADEA, and ADA are Time Barred Because She Failed to Exhaust Her Administrative Remedies Prior to Filing her Civil Action.**

To pursue a discrimination claim under any of the three federal statutes cited in the Amended Complaint—Title VII, the ADEA, or the ADA—a plaintiff must first exhaust her administrative remedies.[1] This process

---

[1] "Before filing suit in federal court under Title VII of the Civil Rights Act of 1964 ("Title VII") or the Age Discrimination in Employment Act ("ADEA"), plaintiffs must first exhaust their administrative remedies by filing a charge of discrimination with the EEOC." *Reed v. Winn Dixie, Inc.,* 677 Fed. Appx. 607, 609-610 (11th Cir. 2017) citing

begins with the timely filing of a discrimination charge with the EEOC. *Wilkerson v. Grinnell Corp.,* 270 F.3d 1314, 1317 (11th Circuit 2001). Failure to file a timely charge of discrimination results in a bar of the claims contained in the untimely charge. *See Coley v. Shaw Indus. Inc.,* No. 21-10545, 2021 U.S. App. LEXIS 29173, 2021 WL 4429818, at *2 (11th Cir. Sept. 27, 2021) ("If the plaintiff does not submit a timely EEOC charge, he generally may not challenge the alleged discriminatory conduct in court.").

In this case, the EEOC determined that Plaintiff's Charge was not timely filed:

> The EEOC is closing this charge because your charge was not filed within the time limits under the law; ***in other words, you waited too long after the date of the alleged discrimination to file your charge***. The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

(*See* Exhibit A: *EEOC Dismissal and Notice of Rights*) (emphasis added). Significantly, the Court can take judicial notice of the EEOC's Dismissal and Notice of Rights attached hereto as Exhibit A, even though it is not attached

---

*Gregory v. Ga. Dep't of Human Res.,* 355 F.3d 1277, 1279 (11th Cir. 2004) (Title VII); 29 U.S.C. § 626(d)(1) (ADEA). Similarly, "[a] plaintiff proceeding under the ADA must comply with the same procedural requirements articulated in Title VII of the Civil Rights Act of 1964, including the duty to exhaust administrative remedies." *Skillings v. Delta Air Lines,* 2024 U.S. Dist. LEXIS 94469 *3-4 (N.D. Ga 2024) citing *McClure v. Oasis Outsourcing II, Inc.,* 674 F. App'x 873, 874 (11th Cir. 2016) (citing 42 U.S.C. §§ 2000e-5, 12117(a)).

4

CASE NO.  8:24-CV-02641-MSS-CPT

to the Amended Complaint, because it is a public record document and Plaintiff does not dispute its authenticity. *See Hodge v. Miami Herald Co.*, No. 08-20633-CIV, 2008 U.S. Dist. LEXIS 70529, at *4 (S.D. Fla. Sep. 8, 2008) ("Although the EEOC letter was not attached by the Plaintiff to his Complaint, EEOC actions are matters of public record, and Plaintiff Hodge does not dispute its authenticity."); *Mann v. Geren,* 2008 U.S. Dist. LEXIS 31858, 2008 WL 1766779, *1 n.2 (S.D. Ga. Apr. 17, 2008) (stating that because the plaintiff's EEOC actions were matters of public record, the court could take judicial notice of the EEOC documents without converting the motion to dismiss into a motion for summary judgment); *see also Stanifer v. Corin USA Ltd., Inc.*, No. 6:14-cv-1192-Orl-37DAB, 2014 U.S. Dist. LEXIS 158587, at *7 (M.D. Fla. Nov. 7, 2014) ("Notwithstanding Rule 12(d), courts may 'take judicial notice of matters of public record without converting a Rule 12(b)(6) motion to a Rule 56 motion.'"); see also *Smith v. Lakeview Ctr. Inc.,* No. 3:23-cv-24676-MCR-HTC, 2024 U.S. Dist. LEXIS 85477, at *5 n.6 (N.D. Fla. May 10, 2024) (The Court can review an EEOC charge attached to a Motion to Dismiss when solely determining whether the Plaintiff timely exhausted his/her administrative remedies.).

In this case, the EEOC's Dismissal and Notice of Rights attached to this motion is an official public record issued by the EEOC and Plaintiff does not

5

dispute its authenticity as reflected by the fact that the Amended Complaint repeatedly references Plaintiff "receiving a Notice of Right to Sue." *Gombosh v. Univ. of Miami*, No. 21-23525-CIV, 2022 U.S. Dist. LEXIS 237409, 2022 WL 18584337, at *9 (S.D. Fla. Mar. 8, 2022) ("The EEOC charge is properly considered on the motion to dismiss because [p]laintiff has not disputed its authenticity and refers to it in [his] [c]omplaint."); *Sessom v. Wellstar Hosp.*, 1:08-cv-2057-TWT, 2009 U.S. Dist. LEXIS 105920, 2009 WL 1562876, *3 n.1 (N.D. Ga. May 29, 2009) ("The EEOC charge is properly considered on the motion to dismiss because Plaintiff has not disputed its authenticity and refers to it in her Complaint.").  Considering the above, Plaintiff cannot assert claims under Title VII, ADEA, or ADA because the official and undisputed EEOC public record demonstrates that she did not timely file her charge with the EEOC. As a result, those claims are time barred and the Court should dismiss Counts I, II, and III with prejudice. *See Tillery v. U.S. Dept. of Homeland Sec.*, 402 Fed. Appx. 421, 425 (11th Cir. 2010) ("In ruling on DHS's Rule 12(b) motion to dismiss based solely on exhaustion of administrative remedies and not on the merits of Tillery's claims, the district court did not err in considering evidence outside the pleadings or in making fact findings as to exhaustion.").

### III. Plaintiff's Amended Complaint Must be Dismissed with Prejudice as it is an Impermissible "Shotgun" Pleading.

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is not a mere formality—it is essential to ensure that defendants receive fair notice of the claims against them and the factual basis for those claims. Rule 10(b) further requires that each claim be stated in separate counts and ***in numbered paragraphs***, each limited to a ***single set of circumstances***. These rules are designed to promote clarity and efficiency in litigation.

"A dismissal under Rules 8(a)(2) and 10(b) is appropriate where it is *virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief." *Halbig v. Lake Cty.*, No. 23-11875, 2024 U.S. App. LEXIS 2844, at *2-3 (11th Cir. Feb. 7, 2024). The Eleventh Circuit has identified four categories of "shotgun" pleadings: (i) complaints containing multiple counts where each count adopts the allegations of all prior paragraphs, "causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (ii) complaints that contain conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (iii) complaints that do not separate each cause of action into respective counts; and, (iv)

complaints that assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015).  The Eleventh Circuit has made clear that shotgun pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.*

Here, Plaintiff's Amended Complaint contains four counts where each count adopts the allegations of the ***entire*** unnumbered Complaint. Specifically, Plaintiff states in her Amended Complaint that, "Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here."  Further, the Amended Complaint contains conclusory, vague, and immaterial allegations that are not obviously connected to any specific cause of action. This structure causes each count to absorb the entirety of the Amended Complaint, resulting in a confusing and unmanageable pleading. This lack of structure makes it impossible for Defendant to determine which allegations are relevant to which claims, and it forces Defendant to guess at the nature of the claims being asserted.  This is particularly true as it relates to Count IV, which unlike the prior three counts pertaining to alleged discrimination, is a breach of contract claim.

8

Such a pleading is not only improper under Rules 8(a)(2) and 10(b) — it is prejudicial. Given the Court already dismissed the original Complaint "because Plaintiff's Complaint failed to meet the pleadings standard under Fed. R. Civ. P. 8(a)(2) and 10(b)" (D.E. at 2-4), the Court should now dismiss the Amended Complaint in its entirety, with prejudice.

## IV. Plaintiff's Claims Should be Dismissed with Prejudice for Failing to Provide the Required Factual Support to Sustain Any of the Four Counts.

Plaintiff's Amended Complaint also fails because it does not contain allegations sufficient to state claims upon which relief can be granted as to each specific count.

### A. Count I - Title VII Claim

Title VII prohibits employers from discriminating against any individual with respect to compensation, terms, conditions, or privileges of employment based on ***race, color, religion, sex, or national origin***. *See* 42 U.S.C.S. § 2000e-2(a) (emphasis added). Title VII does not prohibit discrimination based on age or disability. *See* 42 U.S.C.S. § 2000e-2(a); *see also Heriveaux v. Junior*, No. 23-11284, 2024 U.S. App. LEXIS 7886, at *2 n.2 (11th Cir. Apr. 3, 2024) ("The third amended complaint stated that Heriveaux's age discrimination claim was brought under Title VII. But Title VII does not prohibit discrimination based on age. *See* 42 U.S.C. § 2000e-

9

2."). As the Court knows, the ADEA and ADA govern claims based on age and disability discrimination.

As a preliminary matter, Count I must be dismissed because Plaintiff's charge does not contain any allegations that she was discriminated based on race, color, religion, sex, or national origin and does not mark any of those boxes. In fact, the charge is exclusively based on allegations of age and disability discrimination. (*See* Exhibit B: Charge of Discrimination).[2] Thus, Count I must be dismissed with prejudice because it is time barred since Plaintiff failed to exhaust her administrative remedies due to her failure to allege violations of Title VII in her charge.

Even if we assume for discussion purposes that the charge does sufficiently implicate Title VII, Count I must still be dismissed with prejudice because it does not allege facts sufficient to establish a violation of Title VII. Specifically, Plaintiff's allegation that "her age and perceived disability . . . are unlawful under Title VII as they involve discrimination based on sex and

---

[2] As with the EEOC's Dismissal and Notice of Rights, Plaintiff's discrimination charge can be considered for purposes of ruling on Defendant's motion to dismiss even though it was not attached to Plaintiff's Amended Complaint, because she refers to it in the Amended Complaint and does not dispute its authenticity. *See Sessom v. Wellstar Hosp.*, 1:08-cv-2057-TWT, 2009 U.S. Dist. LEXIS 105920, 2009 WL 1562876, *3 n.1 (N.D. Ga. May 29, 2009) ("The EEOC charge is properly considered on the motion to dismiss because Plaintiff has not disputed its authenticity and refers to it in her Complaint."); *Judkins v. Saint Joseph's Coll. of Me.*, 483 F. Supp. 2d 60, 62 (D. Me. 2007) ("EEOC documents are central to Plaintiff's claims of sex and age discrimination."); *Secrist v. Burns Int'l Sec. Servs.*, 926 F. Supp. 823, 825 (E.D.Wis. 1996) (examining EEOC charge when determining motion to dismiss).

other protected characteristics, given the intersectional discrimination often faced by older women and those perceived as disabled" is nothing more than a conclusionary allegation that provides no factual support for a Title VII cause of action.

In sum, Plaintiff bases all the allegations contained in her charge and Count I of the Amended Complaint on age and disability discrimination and Title VII does not encompass those categories.  Accordingly, Count I must be dismissed for failure to state a claim under Title VII.

Lastly, Plaintiff also attempts to invoke elements associated with a hostile work environment claim in Count I. Specifically, Plaintiff alleges: "[t]he discriminatory actions were severe and pervasive enough to create a work environment that a reasonable person would consider intimidating, hostile, or offensive, which is further evidenced by Defendant's failure to respond to Plaintiff's inquiries and requests for assignments, effectively isolating her from her employment duties."  To state such a claim for hostile work environment, however, a plaintiff must plausibly allege that:

> (1) belongs to a protected group; (2) has been subject to unwelcome harassment; (3) the harassment was based on a protected characteristic of the employee; (4) the harassment was sufficiently severe and pervasive to alter the terms and conditions of employment and create an abusive working environment; and (5) the employer is responsible for

11

Case 8:24-cv-02641-MSS-CPT   Document 14   Filed 10/03/25   Page 12 of 19 PageID 119

CASE NO.  8:24-CV-02641-MSS-CPT

> such environment under either a theory of vicarious or direct liability.

*Adams v. Austal, U.S.A., L.L.C.*, 754 F.3d 1240, 1248 - 49 (11th Cir. 2014).

As with the discrimination allegations, Plaintiff's charge does not contain any allegations of hostile work environment based on race, color, religion, sex, or national origin and does not mark any of those boxes. Again, the charge is exclusively based on allegations of age and disability discrimination. (*See* Exhibit B: Charge of Discrimination). Thus, Count I must be dismissed with prejudice as it relates to any suggestion of a hostile work environment claim because it is time barred since Plaintiff failed to exhaust her administrative remedies due to her failure to allege violations of Title VII in her charge.

Moreover, Plaintiff's allegations in Count I do not satisfy these elements. She fails to identify any protected class under Title VII, fails to allege that the harassment was based on such status, and fails to plead facts showing that the conduct was severe and pervasive. Her conclusory statements are insufficient to support a hostile work environment claim. Accordingly, Count I must be dismissed with prejudice.

### B. Count II - ADEA

"The ADEA prohibits employers from discriminating against an employee who is at least 40 years of age because of that employee's age."

*Buchanan v. Delta Air Lines, Inc.*, 727 F. App'x 639, 641 (11th Cir. 2018). The plaintiff must prove that age was the "but-for" cause of the adverse employment decision giving rise to her complaint. *Id.* To establish an ADEA *prima facie* case, Plaintiff must show that: (1) she was a member of a protected class; (2) she was subjected to an adverse employment action; (3) she was qualified to do the job; and (4) she was replaced by or otherwise lost a position to a younger individual. *Id at 642.*

Although Plaintiff need not prove a prima facie case at the motion to dismiss stage, she must allege sufficient factual matter to state a claim that is plausible on its face. *Id.* Plaintiff fails to allege any factual basis to support her claim that she was replaced by, or otherwise lost her position to, a younger individual. The Amended Complaint offers only a conclusory statement such as, "unlike younger employees, Plaintiff was not assigned any work in 2023, effectively barring her from performing her role and earning wages." This assertion lacks any factual support indicating that a younger employee replaced Plaintiff or that a similarly situated younger employee received more favorable treatment.

Beyond this single conclusory allegation, Plaintiff provides no factual content to support a claim of age-based discrimination. She also fails to allege any facts showing that her age was the "but-for" cause of her alleged

13

unequal work scheduling and termination. The Amended Complaint omits even the basic elements of an age discrimination claim and does not include the factual detail necessary to meet the federal pleading standard. Accordingly, the Court should dismiss Plaintiff's age discrimination claim with prejudice.

### C.     Count III - ADA

The ADA prohibits employment discrimination "against a qualified individual on the basis of disability." *Monroe v. Fla. Dep't of Corr.*, 793 F. App'x 924, 926 (11th Cir. 2019). To establish a prima facie disability discrimination claim, Plaintiff must show: (1) she was disabled; (2) she was a qualified individual; and (3) she was subjected to unlawful discrimination because of her disability. *Id*. The ADA defines a "qualified individual" as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Moreover, an employee bears the burden of identifying both the accommodation and its reasonableness. *Monroe* 793 F. App'x 924, 926-27 (11th Cir. 2019).

Plaintiff's disability discrimination claim fails due to her own omissions. She never alleges that she notified Defendant of any alleged disability or requested accommodation. Instead, she relies on conclusory

14

assertions based on alleged gossip between employees and a vague incident at a public airport to claim that Defendant knew of her alleged condition. These allegations are legally insufficient. Plaintiff must allege that she affirmatively informed her employer of a disability and requested an accommodation. She did neither. A complaint must specify when, where, and to whom the plaintiff made a request for reasonable accommodation. *Phillips v. Harbor Venice Mgmt., LLC*, No. 8:19-cv-2379-T-33TGW, 2020 U.S. Dist. LEXIS 15061, at *14-15 (M.D. Fla. Jan. 30, 2020). Plaintiff provides none of these details in the Amended Complaint.

Because Plaintiff failed to allege that she placed Defendant on notice of her purported disability and requested any reasonable accommodations, her claim for disability discrimination under the ADA must be dismissed with prejudice.

### D. Count IV - Breach of Contract

#### 1. No federal jurisdiction for the Breach of Contract claim.

Because Plaintiff lacks grounds to pursue her first three causes of action, the Court must also dismiss Plaintiff's breach of contract claim since it will no longer have jurisdiction over such a state law cause of action. *See* 28 U.S.C. § 1331.  Moreover, federal courts possess jurisdiction in cases involving diversity of citizenship where the parties reside in different states

and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Although diversity of citizenship is alleged to exist between the parties in this case, Plaintiff has failed to establish that her breach of contract claim alone meets the amount in controversy threshold.

> **2. Plaintiff's Breach of Contract claim is improper because Plaintiff does not attach a copy of the alleged contract to or specifically incorporate the purported material terms into the Amended Complaint.**

The Florida Rules of Civil Procedure require that "[a]ll . . . contracts . . . on which action may be brought . . . or a copy thereof or a copy of the portions thereof material to the pleadings, must be incorporated in or attached to the pleading." Fla. R. Civ. P. 1.130(a). In this case, the Amended Complaint does not contain the alleged employment contract attached or expressly incorporate the purported material terms. Thus, Count IV must be dismissed with prejudice.

> **3. Plaintiff's Breach of Contract claim is improper because she was an at-will employee and could be terminated without cause.**

A person cannot maintain an action for breach of contract for termination of at-will employment. *See Alexander v. Am. Online, Inc.*, Case No.: 3:99-cv-794-J-20A, 2000 U.S. Dist. LEXIS 20946, at *8 (M.D. Fla. Nov. 22, 2000)("Where the term of employment is discretionary with either party

or indefinite, then either party may terminate it at any time and no action may be maintained for breach of the employment contract."). As an at-will employee, Defendant could terminate Plaintiff at any time with or without good cause. *Alexander v. Am. Online, Inc.*, Case No.: 3:99-cv-794-J-20A, 2000 U.S. Dist. LEXIS 20946, at *8 (M.D. Fla. Nov. 22, 2000); See also, *De Marco v. Publix Super Mkts., Inc.*, 384 So. 2d 1253, 1254 (Fla. 1980). Plaintiff was an at-will employee and even if an implied contract existed between the Parties, which it did not, Plaintiff could be terminated at any time by Defendant. Thus, Plaintiff cannot allege a breach of contract claim for being terminated from her at-will employment and Count IV should be dismissed with prejudice.

    **4.**    **Plaintiff fails to sufficiently plead a claim for breach of an implied covenant of good faith and fair dealing.**

Plaintiff does not plead a separate count for implied covenant of good faith and fair dealing, but she does reference it in Count IV. However, Plaintiff cannot bring such a claim as she has not identified any express contract provisions to support such a claim, and her allegations merely duplicate those underlying her breach of contract claim.  Specifically, "[a] cause of action for breach of the implied covenant of good faith and fair dealing cannot be maintained: (1) in the absence of a breach of an ***express***

17

contract provision; (2) to vary the terms of an ***express*** contract; or (3) where the allegations underlying the claim for breach of the implied covenant are duplicative of those which support the claim for breach of contract." *Long v. Murray*, No. 6:09-cv-1320-Orl-19DAB, 2009 U.S. Dist. LEXIS 108917, at *13 (M.D. Fla. Nov. 20, 2009).

Plaintiff has not identified any express contract provisions and her allegations pertaining to the purported breach of the implied covenant of good faith and fair dealing are not distinct from her breach of contract allegations. Thus, Plaintiff has not alleged a viable claim for breach of the implied covenant of good faith and fair dealing.

## V. Conclusion

For the foregoing reasons, Plaintiff's Amended Complaint fails to state any claim upon which relief can be granted and should be dismissed with prejudice.

18

CASE NO. 8:24-CV-02641-MSS-CPT

DATED this 3rd day of October 2025.

    Respectfully submitted,

    JACKSON LEWIS P.C.
    1 SE 3rd Avenue
    Suite 2300
    Miami, Florida 33131
    Telephone: (305) 577-7600

    By: */s/ Reynaldo Velazquez*
    Reynaldo Velazquez, Esq.
    Florida Bar No.: 0069779
    Rey.Velazquez@jacksonlewis.com
    Haley L. Franco, Esq.
    Florida Bar No.: 1018529
    *haley.franco@jacksonlewis.com*
    *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 3rd day of October 2025, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to:

Shirley Wilson (Pro Se)
231 W. Campbell Drive
Oklahoma City, OK 73110

*shirleywilson57@yahoo.com*
*wilsonderekt@gmail.com*

    By: */s/ Reynaldo Velazquez*
    Reynaldo Velazquez, Esq.

4934-6790-5903, v. 1